**Alexandria**

RICHARD E. BROWN, INC. and

ERIE INSURANCE EXCHANGE

v.

DAVID L. CAPORALETTI

No. 0439-90-4

Decided April 9, 1991

COUNSEL

Benjamin J. Trichilo (Lewis, Tydings, Bryan, Trichilo & Bancroft, P.C., on briefs), for appellants.

Kathleen G. Walsh (Ashcraft & Gerel, on brief), for appellee.

OPINION

DUFF, J.—Richard E. Brown, Inc. ("Brown") appeals from a decision of the Industrial Commission awarding benefits to David L. Caporaletti ("Caporaletti") for an injury sustained in an industrial accident while employed by Brown. Brown contends that the commission erred (1) in finding Caporaletti was injured by accident, and (2) in holding that the injury arose out of his employment. We find no error and affirm the judgment of the Industrial Commission.

On August 31, 1987, Caporaletti was installing a 100 pound furnace in the basement of a commercial building when he injured himself. Caporaletti lowered the furnace to its side and then leaned over it for approximately four to five minutes, cutting and fitting the furnace into place. He then attempted to stand up but was unable to do so.

Brown maintains Caporaletti did not sustain an injury by accident, as he did not attribute his injury to any specific time or event. Brown contends that Caporaletti's injury was the result of an aggravated compression fracture sustained in an automobile accident on March 1, 1985. We disagree.

An injury by accident requires an "identifiable incident, or a sudden precipitating event . . . bounded with rigid temporal precision [resulting in a] sudden mechanical or structural change in the body." *Morris v. Morris*, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). An injury need not occur within a specific num-

ber of seconds or minutes to be "bounded with rigid temporal precision," but instead, must occur within a "reasonably definite time." *Id.* at 589, 385 S.E.2d at 864. The event which precipitated Caporaletti's injury was the gradual lowering of the 100 pound furnace to its side, and the accompanying work activities performed in a bent over position for approximately four to five minutes. The causative event occurred within the course of four to five minutes, which the commission properly determined was a reasonably definite time period.

Moreover, the identifiable incident of straightening up after working in a bent over position resulted in an acute lumbosacral strain. The medical evidence established that the injury itself, an acute lumbosacral strain, represents a sudden structural change.

In addition, while it is true that Caporaletti had a prior back condition which required significant treatment through 1986, it appears from the record that the injury sustained on August 31, 1987, was solely attributable to the work activities he performed on that date. The evidence, which attributes Mr. Caporaletti's back injury to the incident on August 31, 1987, is credible, uncontroverted and sufficient to support the commission's finding.

█ Relying on *Plumb Rite Plumbing Service v. Barbour*, 8 Va. App. 482, 382 S.E.2d 305 (1989), Brown also contends that Caporaletti's injury did not arise out of his employment. In *Barbour*, this Court interpreted the Supreme Court's decision in *County of Chesterfield v. Johnson*, 237 Va. 180, 376 S.E.2d 73 (1989), to "require a claimant to show that the conditions of the workplace or some significant work related exertion caused the injury," in order to establish that the injury arose out of the employment. *Barbour*, 8 Va. App. at 484, 382 S.E.2d at 306.

In *Barbour*, the employee bent over to pick up a piece of plastic pipe. While bending, and before touching the pipe, he felt a pain in his back. This Court found that the injury resulted from Mr. Barbour merely bending over, and not from any significant work related exertion or any work condition. There was no showing that the work environment in any way contributed to the injury and compensation was, therefore, denied. *Id.*

In *Johnson*, the employee was ascending stairs from a basement, where he had been servicing pumps, when he remembered

that he needed to check a meter to ensure that it was functioning properly. As he turned around, his knee gave way and he fell to the floor. The Supreme Court found no connection between the injury and the condition under which the work was performed, and denied compensation. *Johnson*, 237 Va. at 186, 376 S.E.2d at 76.

█ The present case, however, differs from *Barbour* and *Johnson*, as Caporaletti's injury was caused by an "actual risk occasioned by [his] work environment." *First Federal Sav. & Loan Ass'n v. Gryder*, 9 Va. App. 60, 65, 383 S.E.2d 755, 759 (1989). An injury arises out of employment when the injury is the result of a "hazard to which [the claimant] would not have been equally exposed apart from the conditions of the employment." *Id.* The danger to which Caporaletti was exposed was clearly peculiar to his work. The lowering of a 100 pound furnace, in addition to the cutting and fitting motions performed in a bent over position, involved risks which were encountered solely due to the nature of the job. Moreover, Caporaletti was not simply bending over in a normal manner with no other contributing factors. Instead, he laid a 100 pound furnace on its side and worked on the furnace in a bent over position for a period of four to five minutes. This activity involved unusual exertion, which was significantly related to the job Caporaletti was performing. Therefore, we agree with the commission's finding that a causal connection existed between the conditions under which the work was required to be performed and the resulting injury.

The commission found that Mr. Caporaletti "sustained an acute lumbosacral strain by accident arising out of and in the course of his employment." This finding was supported by credible evidence and, therefore, will not be disturbed.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.