# DALTON E. GROVE

## v.

# ALLIED SIGNAL, INC., and TRAVELERS INDEMNITY COMPANY OF ILLINOIS

No. 0713-92-2

Decided August 26, 1992

18

Counsel

(Neil Kuchinsky; Neil Kuchinsky & Associates, P.C., on brief), for appellant.

(Mary Louis Kramer; Sarah Y. M. Kirby; Sands, Anderson, Marks & Miller, on brief), for appellee.

· Opinion

**BENTON, J.**—Dalton E. Grove contends that the Workers' Compensation Commission erred in finding that his back injury was not compensable under the Workers' Compensation Act. He argues that the commission erred (1) in reversing the deputy commissioner's factual findings derived from credibility assessments of witnesses, (2) in deciding that Grove had to prove significant exertion caused the injury, and (3) in holding that the record did not prove a discrete time frame in which the injury occurred. We reverse the decision.

## I.

Grove was employed as a pipe fitter. The evidence proved that Grove was working in a crouched position several feet off the ground repairing a two-inch pipe line. While making the repair, he reached for an eight-pound piece of pipe. Grove experienced a sharp pain in his back and later was diagnosed as having a ruptured disc.

Finding that Grove's activities were "part of a process of bending, stooping, and using heavy pipes in an awkward position," the deputy commissioner relied upon *Richard E. Brown, Inc. v. Caporaletti*, 12 Va. App. 242, 402 S.E.2d 709 (1991), to hold that Grove proved the injury to his back arose out of and in the course of his employment. However, the commission relied upon *Plumb Rite Plumbing Service v. Barbour*, 8 Va. App. 482, 382 S.E.2d 305 (1989), to reverse that decision. The commission held that Grove had not proved "that the conditions of the work place or some significant work-related exertion caused his injury."

## II.

The testimony conflicts as to whether Grove was injured while reaching for the pipe or while lifting the pipe. Based on the conflicting testimony of several witnesses, the deputy commissioner found that "descriptions . . . of the incident vary, but not as to whether something

occurred.'' The deputy commissioner did not decide, however, ''whether the back was injured during the bending over only with the hand on the pipe or whether an actual lifting took place.'' The deputy commissioner based his decision upon the finding that ''Grove's activities . . . of bending, stooping, and using heavy pipes in an awkward position'' were conditions of the workplace to which Grove was exposed. This finding thus does not resolve the issue whether Grove was reaching for the pipe or holding the pipe when he suffered the injury.

On review, the commission did resolve the issue. It found that Grove ''had simply reached to pick . . . up'' the pipe. However, the commission also made an alternative finding to address the other possibility. It stated that ''if [Grove] did pick it up, we do not find the weight to be sufficient to cause his injury.'' Neither of these findings reversed a credibility finding. The commission made the initial and only resolution of the factual discrepancy whether Grove had grasped the pipe for which he was reaching. We are bound by that factual finding. However, the resolution of this factual issue is not dispositive of the appeal.

### III.

The commission concluded that the deputy commissioner erred in relying upon *Caporaletti*. Finding that Grove's work activity did not occur in a ''discrete time frame and [did] not involve . . . significant exertion,'' the commission concluded that *Barbour* controlled the disposition of the case. The commission misreads the import of *Caporaletti* and *Barbour*.

The issue common to *Caporaletti*, *Barbour*, and this case is whether the employee's injury arose out of the employment.

An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed. *In re McNicol*, 215 Mass. 497, 499, 102 N.E. 697, 697 (1913). Quoting *In re McNicol*, we have said: '' 'Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises ''out of'' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally

exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'"
*Bradshaw v. Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938).

*R&T Investments, Ltd. v. Johns*, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984). *See also County of Chesterfield v. Johnson*, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989).

In *Caporaletti*, the employee was involved in a work activity that was inextricably linked to his injury.

The danger to which [the employee] was exposed was clearly peculiar to his work. The lowering of a 100 pound furnace, in addition to the cutting and fitting motions performed in a bent over position, involved risks which were encountered solely due to the nature of the job. Moreover [the employee] was not simply bending over in a normal manner with no other contributing factors. Instead, he laid a 100 pound furnace on its side and worked on the furnace in a bent over position for a period of four to five minutes.

12 Va. App. at 245, 402 S.E.2d at 711. As the employee "straighten[ed] up after working in a bent over position [, the employee suffered] an acute lumbosacral strain." *Id.* at 244, 402 S.E.2d at 710. The employee's need to work in the bent over position and to extract himself from that position was a "hazard to which [the employee] would not have been equally exposed apart from the conditions of the employment." *Id.* at 245, 402 S.E.2d at 711 (quoting *First Fed. Sav. & Loan Ass'n v. Gryder*, 9 Va. App. 60, 65, 383 S.E.2d 755, 759 (1989)).

In *Barbour*, the evidence proved only that "after working for one and one half hours, [the employee] bent over to pick up a piece of plastic pipe [and] felt a sudden pain in his back." 8 Va. App. at 483, 382 S.E.2d at 305-06. The mere fact that the employee had worked one and one-half hours did not prove that the conditions of the workplace were linked to the injury. The evidence merely proved that the employee was at work when the injury occurred. The Supreme Court

has specifically rejected the argument that "the conditions of the work place are irrelevant to recovery [and] recovery is appropriate merely because the employee is there, on the job." *Johnson*, 237 Va. at 185, 376 S.E.2d at 76.

█ As in *Caporaletti*, the evidence in this record proves that Grove's injury occurred during a work activity and was inextricably linked to conditions in the workplace. The commission stated:

> We do not disagree with the finding that the claimant's work was performed in an area with numerous other pipes, valves and structural steel beams as evidenced by two photographs in the record. We agree that the work environment was such that a pipefitter working in the area would probably have to do some bending, stooping or crouching and may at times be in an awkward position while using wrenches.

Based upon the testimony, the deputy commissioner found that Grove was in a crouched position when he reached for the wrench. Indeed, Grove's testimony and the testimony of his co-workers proved Grove was in a crouched position several feet off the floor when he reached for the pipe and suffered his injury. Addressing various issues, the commission stated:

> It may be that [Grove's] activities as a pipefitter require on occasions that he bend and stoop and use heavy wrenches in an awkward position, but the evidence does not establish he was doing this at the time he sustained his present injury.

This statement disregards the evidence. Although the witnesses variously described Grove as being in a "crouched" position, or "bent with his knees . . . squatting" or "bending over," or "leaned over," all the witnesses verified that Grove was in one of these positions working on the pipes when he reached for a pipe and was injured. "The commission may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses, which is not inherently incredible and not inconsistent with other facts in the record." *Hercules, Inc. v. Gunther*, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991). Accordingly, the record proves the workplace conditions constitute the "hazard" that was peculiar to the work.

█ The commission placed too much emphasis upon the relatively light weight of the pipe. Although *Barbour* "interpret[s] . . . *Johnson* to require a claimant to show that the conditions of the workplace or

that some significant work related exertion caused the injury," *Barbour*, 8 Va. App. at 484, 382 S.E.2d at 306, nowhere in *Johnson* is there a requirement that the conditions of the workplace involve a significant exertion. *See, e.g., Gryder*, 9 Va. App. at 65, 383 S.E.2d at 759 ("contortions of the body" to perform a job task is a hazard of the workplace).

> "To constitute injury by accident it is not necessary that there should be an extraordinary occurrence in or about the work engaged in." The evidence is sufficient to establish an injury by accident "even though the degree of exertion is usual and ordinary and 'the workman had some predisposing physical weakness.'"

*Kemp v. Tidewater Kiewit*, 7 Va. App. 360, 363, 373 S.E.2d 725, 726 (1988) (citations omitted). Whether Grove was reaching for or had lifted the pipe, the result is the same. Grove's evidence proved that the " 'causative danger . . . had 'its origin in a risk connected with the employment, and . . . flowed from that source as a rational consequence.' " *Johns*, 228 Va. at 253, 321 S.E.2d at 289 (quoting *Bradshaw*, 170 Va. at 335, 196 S.E. at 686). That the activity was usual, and did not require exertion, and that the injury was not "foreseen or expected" are irrelevant. *Id.*

## IV.

The commission's finding that the "instant case has no . . . discrete time frame" is not supported by any evidence. Grove's reach for the pipe is the event that satisfies that requirement. Both the "identifiable incident" and the "reasonably definite time" components of the injury by accident test, as explained in *Morris v. Morris*, 238 Va. 578, 589, 385 S.E.2d 858, 864-65 (1989), are satisfied in this case. Accordingly, the decision of the commission denying Grove's application for an award is reversed.

*Reversed.*

Coleman, J., and Willis, J., concurred.