COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

WILLIAM FRANKLIN FLANAGAN

v.        Record No. 2316-94-4        MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
NORTHWEST AIRLINES AND AMERICAN            MAY 2, 1995
 MOTORISTS INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

     Kathleen G. Walsh (Ashcraft & Gerel, on brief), for
     appellant.

     Michael L. Zimmerman (Brault, Palmer, Grove, Zimmerman,
     White & Mims, on brief), for appellees.


     William Franklin Flanagan (claimant) appeals the

commission's decision denying his application for temporary total

disability benefits.  He argues that the commission erred in

finding that he did not sustain an injury by accident resulting

from an identifiable incident.  We affirm the commission.

     On August 19, 1993, claimant was performing his job of

loading and unloading baggage and freight for Northwest Airlines

(employer).  For a fifteen to twenty minute period, claimant

worked on his knees in an aircraft cargo hold with freight

weighing 300 pounds.  When claimant climbed down from the plane,

he felt discomfort and noticed swelling in his right knee.

     Claimant sought medical treatment on August 30, 1993, from

Dr. Robert Dart and told Dr. Dart that his knee had been swelling

for the last three weeks.  Dr. Dart's records indicate that there

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was no "specific history of injury to the right knee." Claimant underwent arthroscopic surgery to repair a torn medial meniscus in his right knee on September 21, 1993.

In a May 20, 1994 letter, Dr. Dart notified claimant's counsel that: "I am unable to state that his torn meniscus was related to the injury you describe. However, if the facts are as you have stated, such an injury to the meniscus could have occurred." The commission found that claimant failed to prove an injury by accident because the evidence failed to establish a specific, identifiable incident that caused his injury.

On appeal, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "An injury by accident requires an 'identifiable incident, or a sudden precipitating event . . . bounded with rigid temporal precision [resulting in a] sudden mechanical or structural change in the body.'" Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 243, 402 S.E.2d 709, 710 (1991) (quoting Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989)). The identifiable incident must occur "within a 'reasonably definite time.'" Id. at 244, 402 S.E.2d at 710 (quoting Morris, 238 Va. at 589, 385 S.E.2d at 864).

The evidence in the record does not establish an injury by accident. Claimant alleges the injury occurred on August 19, 1993, either as he was kneeling in the cargo hold or after he

2

straightened up from the kneeling position. However, on August 30, 1993, claimant told Dr. Dart that he had experienced swelling in his knee for the past three weeks. Claimant failed to prove that his knee injury resulted from an identifiable incident. Additionally, claimant's situation is distinguishable from that of Caporaletti, in that the claimant in that case suffered a sudden injury when he straightened after installing a furnace in a bent position over a period of five minutes. 12 Va. App. at 244, 402 S.E.2d at 710. However, in this case, Dr. Dart was unable to relate claimant's injury to the identifiable incident alleged by claimant.

Accordingly, the decision of the commission is affirmed.

Affirmed.

3