COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray

CITY OF NORFOLK

v.          Record No. 0069-95-1       MEMORANDUM OPINION[*]
                                       BY JUDGE SAM W. COLEMAN III
JANET VAUGHAN                               JULY 5, 1995

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Philip R. Trapani, City Attorney; Cynthia B.
            Hall, Assistant City Attorney; Office of the
            City Attorney, on brief, for appellant.)
            Appellant submitting on brief.

            No brief or argument for appellee.


     The City of Norfolk appeals an award by the Workers'

Compensation Commission to Janet Vaughan for medical benefits.

The issue on appeal is whether the commission erred by

determining that Vaughan's injury arose out of her employment.

For the following reasons, we reverse the commission's decision.

     The claimant was employed as a telecommunicator for the

Emergency Services Office of the City of Norfolk.  One day after

roll call, the claimant and a co-worker were told that they had

been selected for a routine random drug screening.  Troy

Lapetina, the office coordinator, drove both employees to the

police station for a portion of the test.  The vehicle was a

standard city-owned, four-door "K" car.  After performing a

breath test for alcohol, the claimant, the co-worker, and the

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

supervisor returned to the car. The claimant was bending down entering the rear driver side door when she hit her head on the back of the door frame. She immediately expressed pain. Both the co-worker and the supervisor asked if she was alright.

The claimant filed a claim for temporary total disability benefits for three days of work missed due to her injury. The deputy commissioner denied her application because she did not show that the injury resulted from a risk caused by a condition of the workplace. The commission, on review, found that the injury arose out of the claimant's employment and entered an award for medical benefits only.

On appeal we view the evidence in the light most favorable to the party prevailing before the commission. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

> Whether credible evidence exists to support a factual finding is a question of law which is properly reviewable on appeal. . . . Causation is a factual determination to be made by the commission, but the standards required to prove causation and whether the evidence is sufficient to meet those standards are legal issues which we must determine.

Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991) (citing Morris v. Morris, 238 Va. 578, 385 S.E.2d 858 (1989)).

In order for an injury to arise out of employment, "a claimant [must] show that the conditions of the workplace or that

some significant work related exertion caused the injury.  The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989); see also Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 244, 402 S.E.2d 709, 710 (1991).

An injury that results from a hazard or risk to which the employee is equally exposed apart from the employment does not arise out of the employment and is noncompensable.  United Parcel Service v. Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 892 (1985).

No evidence in the record proves that a particular risk associated with the claimant's work caused her injury.  See County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989).  There was nothing unusual about the car or its door, and the claimant was not performing any significant work-related activity when she hit her head on the door frame.  Nothing about the manner in which she was doing her job or any condition of the workplace caused her injury or constituted a risk of injury to the claimant.  The commission erred by concluding that the injury was compensable.  We therefore reverse the decision of the commission.

Reversed and dismissed.