COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata, and Overton
Argued at Alexandria, Virginia


ADVANCED LOCK AND SAFE, INC. and
NATIONWIDE MUTUAL INSURANCE COMPANY

v.          Record No. 2467-94-4          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
ROBERT S. HEIDORN                              JANUARY 11, 1996


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Edward H. Grove, III (Brault, Palmer, Grove,
             Zimmerman, White & Mims, on brief), for
             appellants.

             Peter M. Sweeny (Peter M. Sweeny & Associates, on
             brief), for appellee.


     Advanced Lock and Safe, employer, and Nationwide Mutual

Insurance Company, insurer, appeal the decision of the commission

to award Robert Heidorn benefits for a work-related injury by

accident.  Employer contends that the injury did not arise out of

Heidorn's employment.  We affirm the commission's award.

     Robert Heidorn was employed as a locksmith, replacing the

locks on interior office doors.  Because of his height, he "got

down on his knees" on the floor beside each door instead of

bending over to work on it.  On the sixth or seventh door,

Heidorn "bent down [and] had a pressure on my right knee and

turned just a little bit."  He felt a pain shoot through it just

before his knees touched the ground.  His treating physician

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

later opined that the cartilage in his knee had been torn.

An accident arises out of the employment when a causal connection exists between the injury and the conditions under which the employer requires the work to be performed. County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 75 (1989). An employee's need to work in a bent over position and to extract himself from that position presents a hazard to which the employee would not otherwise be exposed. Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 245, 402 S.E.2d 709, 711 (1991). A contortion of the body necessitated by the employee's work is risk created by the workplace. First Fed. Sav. & Loan v. Gryder, 9 Va. App. 60, 65, 383 S.E.2d 755, 759 (1989). The injury need not be caused by an extraordinary occurrence in or about the work performed, nor must the precipitating movement be unusual or require exertion. Grove v. Allied Signal, Inc., 15 Va. App. 17, 22, 421 S.E.2d 32, 35 (1992).

The commission found that Heidorn's injury was caused by kneeling down. It further found that his job required him to make that specific movement. We find credible evidence in the record to support this finding, and affirm the award of the commission.

Affirmed.