COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick


CHARLOTTE M. PECK

v.   Record No. 0165-95-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
TULTEX CORPORATION                           FEBRUARY 13, 1996
AND
KEMPER NATIONAL INSURANCE COMPANIES


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            James B. Feinman, for appellant.

            Gregory T. Casker (Martha White Medley;
            Daniel, Vaughan, Medley & Smitherman, on
            brief), for appellees.


     Charlotte M. Peck appeals the ruling by the Workers'

Compensation Commission that her back injury did not arise out of

her employment with Tultex Corporation.  We affirm the

commission's decision.

     Peck worked for Tultex as a sewing machine operator for nine

years.  Peck described her work station as consisting of a sewing

machine positioned on a table in front of her with an eighteen-

inch wide work bench located six inches to her right and an

eighteen-inch wide work bench located six inches to her left.  To

perform her job duties, Peck sat in a wooden back chair.  She

placed her legs in front of her and under the sewing machine

table.  Peck's chair did not have arms or rollers, and it did not

swivel.  She kept her right foot on the sewing machine pedal and

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

her left foot rested on the floor. There was an on/off box located on the right underside of the sewing machine table. There was another sewing machine table located two to three feet behind Peck.

Peck testified that, on July 22, 1993 at approximately 3:00 p.m., she received five bundles of sweatshirts to sew. She placed two of the bundles on the right work bench and two of the bundles on the left work bench. She put the remaining bundle on her table. She untied the bundle and placed a ticket in her left hand. At that time, she decided to eat her afternoon snack, an orange.[1] As she sat in her chair with her legs under the sewing machine table, she turned her upper body "slightly" to the right to pick up the orange that was located on the work bench. It is unclear from the record whether the orange was six or eighteen inches away from Peck. As she turned her upper body and before she picked up the orange, something "popped" in her lower back and she experienced significant pain.

Peck stated that she could not move her legs at the time she attempted to retrieve the orange because she was sitting with her legs under the sewing machine table and her right knee would have hit the on/off box. Peck testified that the work benches and the on/off switch restricted her movement. However, she admitted that there was nothing to prevent her from moving her chair back

_____

[1]The employer permitted its employees to eat food while they were working.

2

two to three feet and getting up from her chair to retrieve the orange.

Peck promptly reported the back injury to her supervisor. Peck was diagnosed as suffering from a lumbar strain. She was out of work until September 27, 1993.

To recover benefits, Peck must establish that she suffered an injury by accident "arising out of and in the course of [her] employment," Code § 65.2-101. The issue here is whether the injury arose out of her employment. "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305 (1989). However, unless we conclude as a matter of law that Peck's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Peck must establish "that the conditions of the workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). In denying Peck's application, the commission stated:

> We disagree with the Deputy Commissioner's determination that [Peck's] injury arose out of her employment. [Peck] was merely turning at the time of her injury. Unlike the claimants in Brown, Inc. v. Caporaletti, 12 Va. App. 242, 402 S.E.2d 709 (1991) and Grove v. Allied Signal, Inc., 15 Va. App. 17, 421 S.E.2d 32 (1992), [Peck] was neither in an awkward position nor engaged in

3

any extraordinary or unusual exertion.

In other words, the commission found that unlike the claimants in Caporaletti and Grove, Peck's voluntary act of turning her body slightly to the right to reach for the orange involved no awkward position, extraordinary or unusual exertion, or other hazardous circumstances peculiar to her workplace.

We do not find any support for Peck's argument that, as a matter of law, the configuration of the furniture in her workplace constituted a hazard peculiar to her employment which caused her injury. The evidence did not show, as a matter of law, that Peck was confined in her chair to such an extent that she could not get up and move around within her workplace. The evidence did not require a finding that it was necessary for Peck to contort her body to retrieve her afternoon snack, and the commission could have found that merely turning her body "slightly to the right" was not significant or unusual exertion. In other words, Peck's injury did not have its origin in a work-related hazard. We are, therefore, unable to find that Peck proved as a matter of law that her injury arose out of her employment.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4