COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MARYLAND & VIRGINIA MILK PRODUCE AND
 LUMBERMENS MUTUAL CASUALTY COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 2418-96-1                  PER CURIAM
                                        FEBRUARY 25, 1997
RENA A. PARKER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (William W. Nexsen; William W. Tunner;
                Stackhouse, Smith & Nexsen, on brief), for
                appellants.

                (Richard W. Hudgins, on brief), for appellee.



        Maryland & Virginia Milk Produce and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that Rena

A. Parker proved that she sustained an injury by accident arising

out of her employment on November 20, 1995.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        "Whether an injury arises out of the employment is a mixed

question of law and fact and is reviewable by the appellate

court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482,

483, 382 S.E.2d 305, 305 (1989).  Factual findings made by the

commission will be upheld on appeal if supported by credible

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence established that, on November 20, 1995, Parker was repairing a company truck she had painted the previous day.  Four of Parker's co-workers assisted her by placing the truck bed onto the chassis.  In order to insert bolts to hold the truck bed in place, Parker had to align the truck bed on the chassis.  While in a squatting and bending position and while holding the 100 to 150 pound truck bed in her left hand, Parker moved, pulled, jerked, and lifted the truck bed in order to realign the bolts to the holes.  It took several minutes to complete this task.  Once Parker realigned the bolts, she stood up and felt back pain.  Her back pain worsened during that day.

Histories of the incident contained in the medical records corroborated Parker's testimony.  Parker's physicians diagnosed a herniated disc, which eventually required surgical treatment.

The commission found that Parker's employment caused her to assume "[t]he awkward physical movement of squatting, lifting the heavy truck bed and placing the bolts" and that those activities caused her back injury.  These findings are supported by credible evidence, including Parker's testimony and the medical records. Therefore, they will not be disturbed on appeal.

This case is controlled by our decision in Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 402 S.E.2d 709 (1991). In Caporaletti, the claimant "was installing a 100 pound furnace . . . when he injured himself. Caporaletti lowered the furnace to its side and then leaned over it for approximately four to five minutes, cutting and fitting the furnace into place. He then attempted to stand up but was unable to do so." Id. at 243, 402 S.E.2d at 710. In Caporaletti, we recognized that the gradual lowering of the 100 pound furnace and the accompanying work activities in a bent over position over the course of several minutes precipitated Caporaletti's back injury. Id. at 244, 402 S.E.2d at 710. We held that the "identifiable incident of straightening up after working in a bent over position resulted in [the claimant's injury]." Id. We also held that Caporaletti's lowering of the 100 pound furnace and his working in a bent over position involved risks peculiar to the conditions of his employment. Id. at 245, 402 S.E.2d at 711.

In this case, as in Caporaletti, the evidence proved that the conditions of Parker's employment required that she maneuver a heavy item while in an awkward squatting/bending position over a period of several minutes. Upon rising from this position, she felt back pain. As in Caporaletti, Parker "was not simply bending over in a normal manner with no other contributing factors." Id. at 245, 402 S.E.2d at 711. Rather, Parker, like Caporaletti, maneuvered a heavy object in a bent over position

- 3 -

over the course of several minutes.  Parker's work involved significant exertion while in an awkward position.  Therefore, we agree with the commission's finding that a causal connection existed between the conditions under which employer required Parker to perform her work and her resulting back injury.

Employer cites <u>Barbour</u> and <u>United Parcel Serv. v. Fetterman</u>, 230 Va. 257, 336 S.E.2d 892 (1985), in support of its argument.  However, in <u>Barbour</u> and <u>Fetterman</u>, unlike this case, there was no evidence that the conditions of the claimants' workplace contributed to cause their injuries.  Barbour simply bent over to pick up a piece of plastic pipe after working for one hour.  <u>Barbour</u>, 8 Va. App. at 483, 382 S.E.2d at 305.  Fetterman merely bent over to tie his shoe and felt acute back pain.  <u>Fetterman</u>, 230 Va. at 258, 336 S.E.2d at 892.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>