MOON, Judge, dissenting.
I dissent for the reasons articulated in the March 4, 1997 panel opinion. Wyatt testified that the injury occurred before she reached a squatting position and that the motion was no different from those she carried out in everyday life in non-employment-related circumstances:
Q. And had you gotten down to the full low position when you heard the pop?
A. No, sir.
Q. All right. Were you somewhere in between the high and the low?
A. Yes, sir.
Q. So you had not even reached your full squatted position at the—
A. No, sir.
*97 Q. —time this popped; is that correct?
A. Right.
Q. And, is that a squat that you would make several times an hour?
A. Yes.
Q. And, is that a squat also that you make if you had to bend to pick up something at home, pick up around the house or whatever? Just a normal squat?
A. Yes.
Where, as here, there is no significant exertion, the action of squatting involves no awkward position, and no condition peculiar to the workplace causes the injury, the injury cannot be said to have “aris[en] out of’ employment. County of Chesterfield v. Johnson, 237 Va. 180,185-86, 376 S.E.2d 73, 76 (1989); Grove v. Allied Signal, Inc., 15 Va.App. 17, 19-20, 421 S.E.2d 32, 34 (1992); Plumb Rite Plumbing Service v. Barbour, 8 Va.App. 482, 484, 382 S.E.2d 305, 306 (1989). I therefore would reverse the commission’s award of compensation.