COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Salem, Virginia


GOODYEAR TIRE AND RUBBER COMPANY AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0071-99-3       JUDGE RUDOLPH BUMGARDNER, III
                                       AUGUST 3, 1999
RONALD WOOD


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Martha White Medley (Daniel, Vaughan,
            Medley & Smitherman, P.C., on brief), for
            appellants.

            (Henry G. Crider, on brief), for appellee.
            Appellee submitting on brief.


     Goodyear Tire and Rubber Company and Travelers Indemnity

Company appeal the commission's award of benefits to Ronald

Wood.  Goodyear argues that the commission erred in finding Wood

suffered a compensable injury by accident.  Finding that Wood's

back injury arose out of and in the course of his employment

with Goodyear, we affirm the award.

     We view the evidence in the light most favorable to Wood,

the prevailing party before the commission.  See Crisp v.

Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339

S.E.2d 916, 916 (1986).  So viewed, the evidence established

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that Wood worked for twenty-six years as an aircraft repairman for Goodyear. On June 23, 1997, while working his usual shift, Wood injured his back. He was placing a fifty-four inch wide aircraft tire on a forty-two inch wide table when he was injured. Wood used an electric hoist to lift the tire and then lower it onto the table. Wood testified that the tires are "real slick and will try to slide off" the table. "[I]n the process of letting the tire down I'm . . . twisting back and forth, and I had a pain occur in my back." Wood testified he had his left hand on the tire, right hand on the hoist, and that his left knee was propping up the tire when he "turn[ed] back around [and] had a pain in his back."

On June 25, 1997, Dr. Alton F. Gross, an orthopedic surgeon, treated Wood and placed him on light duty for June 25 and June 26. On June 27, 1997, Dr. Gross diagnosed Wood with degenerative joint disease and lumbosacral strain. Dr. Gross was unable to determine if this diagnosis was due to the June 23, 1997 incident. On July 7, 1997, Dr. Thomas Connelly diagnosed Wood's condition as "sprain, LS spine" arising out of his employment on June 23, 1997 while putting an aircraft tire on a table.

On an Associate Report of Incident form, Wood wrote "working on a aircraft tire putting tire on repair table. When I turn back around had a pain in back." He wrote that he hurt himself "while . . . turning around." Wood also signed a

-

Goodyear "Accident Investigation form" completed by his supervisor and dated June 27, 1997. The "Unsafe Act" listed on the form indicated that "associate should step before turning his upper body." On June 23, 1997, Wood told a Travelers' representative "I guess I just twisted wrong."

Wood's medical history included a 1982 back injury for which he received extensive treatment. After 1987, however, he received no treatment for this injury.

Goodyear sent Dr. Gross a questionnaire in September 1997 to which he was asked to either agree or disagree with the statements contained therein. The fourth statement, to which Dr. Gross agreed without comment, read as follows:

> Assuming that Mr. Wood told his immediate supervisor on June 23, 1997 that his back had begun to bother him while he was merely turning to walk away from his work station and while he was not lifting or carrying any object, it is more likely than not that Mr. Wood experienced his back pain or strain as a result of the normal and everyday motion or activity of turning and walking, an experience which is not unusual given Mr. Wood's prior back problems and the condition of his spinal column (including the congenital anomaly of an extra vertebra in the spinal column.)

On November 24, 1997 the deputy commissioner denied Wood benefits. The deputy found that Wood injured his back on June 23, 1997 when he "was turning or twisting around after he had set the tire on the table . . . ." Given these facts and Wood's history of back problems, the deputy relied heavily on Dr.

-

Gross's affirmative response to Goodyear's statement number four. Concluding "that the incident was a result of Wood's extensive pre-existing back problems," the deputy ruled that he failed to prove the necessary causal connection between the 1997 injury at work and his subsequent disability.

In its December 11, 1998 opinion, the commission relied on the deputy's factual finding that the incident occurred after Wood "placed the tire on the table and when he was turning or twisting around." It concluded, however, that Wood had proven a causal connection between the work incident and his disability and awarded him benefits.

The commission found no causal connection between Wood's 1982 and 1997 back injuries. There was no evidence that the 1982 injury was treated after 1987. The "only medical evidence which indicates that [Wood's] back complaints in 1997 are not related to the June 23, 1997 accident" is Dr. Gross's response to the questionnaire. This "summary response lacks probative value" because it lacks an explanation and the facts do not "accurately describe the relevant circumstances related to [Wood's] injury." The commission awarded benefits on the ground that Wood's act of turning around was associated with his employment.

The sole issue on appeal is whether Wood's injury "arose out of" his employment with Goodyear. While questions of fact are conclusive and binding on appeal, whether a claimant has

-

suffered a compensable injury is a mixed question of law and fact reviewable on appeal.  See Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996).  Applying the "actual risk" test, an employee's injury "arises out of" his employment when "it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury."  Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 106 (1994) (dog-bite from co-worker's dog not causally related to work) (citations omitted).  See also Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 245, 402 S.E.2d 709, 711 (1991); Kemp v. Tidewater Kiewit, 7 Va. App. 360, 363, 373 S.E.2d 725, 726 (1988).

In reversing the deputy's decision, the commission relied on Grove v. Allied Signal, Inc., 15 Va. App. 17, 421 S.E.2d 32 (1992).  Grove, a pipe fitter, was working several feet off the ground in a crouched position when he injured his back while reaching for a pipe.  Whether Grove was reaching for or had lifted the pipe, the evidence was sufficient to prove that the "'"causative danger . . . had its origin in a risk connected with the employment, and . . . flowed from that source as a rational consequence."'"  Id. at 22, 421 S.E.2d at 34 (quoting R&T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984) (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938))).

-

The commission agreed with the deputy that Wood's injury occurred after the tire was placed on the repair table. It ruled, however, that a causal connection existed between the work incident and Wood's disability. Wood's "act of turning was associated with the task of lowering an aircraft tire onto a repair table." This was not a simple case of turning. Wood was required to twist back and forth to balance the slick tire on the smaller table. After setting the tire down, he felt "pain while turning away which was directly connected to the more strenuous activity." Clearly, Wood's job, which required manipulating large aircraft tires onto repair tables, exposed him to "hazards to which he would not have been equally exposed apart from the conditions of the employment." Caporaletti, 12 Va. App. at 245, 402 S.E.2d at 711 (citations omitted).

We conclude that there was sufficient evidence in the record to establish a compensable claim arising out of Wood's employment. Accordingly, we affirm the commission's award of benefits.

Affirmed.

-