COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


INTERNATIONAL PAPER COMPANY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2201-99-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MAY 9, 2000
JAMES H. DeHART


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Christopher M. Kite (Tracy M. Benner; Frith,
          Anderson & Peake, P.C., on brief), for
          appellant.

          No brief or argument for appellee.


     International Paper Company ("employer") contends the

Workers' Compensation Commission ("commission") erred in

awarding medical benefits to James H. DeHart ("claimant").  The

sole issue is whether credible evidence supports the

commission's finding that claimant's injury arose out of his

employment.  For the following reasons, we affirm.

                               I.

     "On appeal, we view the evidence in the light most

favorable to the claimant, who prevailed before the commission."

Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d

335, 340 (1998) (citations omitted).  "A question raised by

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

conflicting medical opinion is a question of fact." WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" Id. (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). "'The fact that there is contrary evidence in the record is of no consequence.'" Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

Claimant, a maintenance specialist for employer for over twenty years, is six feet tall and weighs approximately 300 pounds. The evidence established that on July 20, 1998, he was arranging forty-pound water bottles in a storage rack. Claimant removed the empty bottles from the top rack, put them on the floor and moved the full bottles to the top rack. Claimant, working in a "crouched" position, rearranged approximately fifteen bottles, which took five minutes. After completing this activity, claimant "straightened up" from a squatting position and felt a "burning sensation" in his "lower back toward [his] hip area." Claimant described the onset of pain as follows:

> Q. . . . Now explain what happened when you started feeling discomfort or pain.
>
> A. Well, when I stood, up, straightened up, that is when I felt the pain.
>
> Q. So it was after you had completed the job?

-

          A.  Right.

          Q.  Completed what you were doing?

          A.  Right.

          Q.  Then you went to stand up from the
          squatting position?

          A.  Right.

Claimant was not lifting a water bottle when he experienced the

"burning sensation."  He testified that the activity of

rearranging the water bottles "wasn't difficult at all" and

involved "mainly stretching and pulling."

     Claimant immediately reported the incident to his

supervisor and continued to complete his shift that day.

However, for the next three days he was unable to work.

Claimant first sought medical treatment from Dr. Frank Pollock,

Jr., an orthopedist, on August 19, 1998.  At that time, Dr.

Pollock noted that claimant's back became symptomatic while

"trying to lift a bottle at work."[1]  Dr. Pollock diagnosed

claimant's condition as "degenerative disk disease" and

"bilateral sacroiliitis with degenerative changes in both

sacroiliac joints."  In his September 16, 1998 medical report,

Dr. Pollock opined that claimant's injury was related to the

July 20, 1998 incident, stating the following:

-------------------

     [1] At the hearing before the deputy commissioner, claimant
admitted that Dr. Pollock's recorded history was inconsistent with
the history of injury he had reported.

-

> I discussed again my belief that his injury was completely work related. He clearly had an acute exacerbation of pain in his sacroiliac joint after his injury which was not present prior to the injury.

Dr. Pollock saw claimant for follow-up treatment on October 14 and November 11, 1998, and thereafter released him to work without restrictions.

Claimant filed a claim for benefits. Following a hearing, a deputy commissioner denied his claim, concluding that claimant's injury did not arise out of his employment. The deputy commissioner found that "no workplace condition was causative" and that he "became symptomatic while assuming an upright position, a maneuver which he admitted was not made more difficult by his immediate work environment."

Claimant appealed, and the commission reversed. The commission concluded that claimant's injury was causally related to his work because his "act of straightening and standing was appurtenant to his performing work required as a condition of his employment." It found that "the risk of this injury was within the ambit of risks to which the claimant was exposed as a result of the employment . . . ." Although the commission found that claimant's injury arose out of his employment and that he was entitled to medical benefits, it denied disability compensation benefits because claimant "failed to establish that

-

the period of his disability exceeded the [seven-day] statutory waiting period."[2]

## II.

Employer contends the commission erred in finding that claimant's injury arose out of his employment. Because claimant testified that the work was not difficult or physically demanding, employer contends the commission was bound by that testimony and improperly found that claimant's injury was caused by strenuous activity. Finally, employer argues that Dr. Pollock's opinion regarding causation is insufficient because it was not based upon an accurate understanding of claimant's injury.

"An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 34 (1992) (citations omitted). "[T]he arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" County of

_____

[2] The commission affirmed the deputy commissioner's conclusion that claimant's back injury was not a compensable occupational disease under Code § 65.2-400.

-

Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989) (quoting United Parcel Serv. v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)).

This case is controlled by our decision in Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 402 S.E.2d 709 (1991). There, the claimant sustained an acute lumbosacral strain while "straightening up after working in a bent over position . . . ." Id. at 244, 402 S.E.2d at 710. We held that the claimant's need to work in the bent over position and to extract himself from that position was a "'hazard to which [the claimant] would not have been equally exposed apart from the conditions of the employment.'" Id. at 245, 402 S.E.2d at 711 (quoting First Federal Savings & Loan v. Gryder, 9 Va. App. 60, 65, 383 S.E.2d 755, 759 (1989)).

In the instant case, the evidence established that claimant was working in a "crouched" position, arranging forty-pound water bottles. After completing this activity, claimant "straightened up" from the squatting position and felt a "burning sensation" in his "lower back toward [his] hip area." The commission found that "the claimant's act of straightening and standing was appurtenant to his performing work required as a condition of his employment." Because credible evidence supports this finding, we affirm the commission's decision that the workplace conditions constituted a hazard that was peculiar to claimant's work.

-

Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 382 S.E.2d 305 (1989), cited by employer, does not mandate a different conclusion. In Barbour, we held that a claimant is required "to show that the conditions of the workplace or that some significant work related exertion caused the injury." Id. at 484, 382 S.E.2d at 306. "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Id. Virginia has rejected the "positional risk" doctrine which compensates employees who are injured on the job regardless of whether the injury was caused by a risk or condition of the workplace. See Johnson, 237 Va. at 185, 376 S.E.2d at 75-76.

To the contrary, the commission in the present case concluded that "the risk of [claimant's] injury was within the ambit of risks to which the claimant was exposed as a result of the employment . . . ." Significantly, the commission found that claimant's "testimony describing the task reasonably suggests strenuous activity immediately preceding his attempt to stand." Unlike the situation in Barbour, where the claimant was injured while bending down to pick up a piece of plastic pipe, credible evidence supports the commission's finding that claimant's injury was "caused by [the] work related risk" of repeatedly bending and lifting the water bottles. Barbour, 8 Va. App. at 484, 382 S.E.2d at 306.

-

Nevertheless, employer urges us to reverse the decision on the ground that claimant was bound by his uncontradicted testimony that the work "wasn't difficult at all."  In support of this error, employer relies upon Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 655-56 (1922), where the Supreme Court stated that a claimant's "case can rise no higher than [his] uncontradicted testimony."  However, the Massie doctrine applies only to a party litigant's statements of fact and does not apply to "mere expressions of opinion."  Braden v. Isabell K. Horsley Real Estate, Ltd., 245 Va. 11, 16, 425 S.E.2d 481, 484 (1993).

Here, claimant's statements that he thought the work was not "difficult" or "hard" were mere expressions of opinion, and the Massie rule does not apply in this context.  See, e.g., Ravenwood Towers, Inc. v. Woodyard, 244 Va. 51, 55, 419 S.E.2d 627, 629-30 (1992) (plaintiff's testimony that she thought "she could have seen" was "no more than an impression--an expression of opinion"); Ford Motor Co. v. Bartholomew, 224 Va. 421, 431, 297 S.E.2d 675, 680 (1982) (plaintiff's testimony that she thought the car was "in park" was simply her "impression" or opinion).  Additionally, the rule does not apply to "an adverse statement standing in isolation from the litigant's testimony as a whole" which explains the facts.  Baines v. Parker and Gladding, 217 Va. 100, 105, 225 S.E.2d 403, 407 (1976).

Considering claimant's testimony in its entirety and in context with all the other evidence before the commission, we

-

cannot say the commission erred in finding that claimant's

injury arose out of his employment.[3]  Accordingly, we affirm.

<u>Affirmed.</u>

---

[3] Employer's argument that the medical evidence regarding causation was insufficient because Dr. Pollack's opinion was not based upon an accurate understanding of claimant's injury is without merit.  Claimant admitted that Dr. Pollack's recorded history was inconsistent with the history he reported, and the commission made note of this "misunderstanding."  In his September 16, 1998 medical report, Dr. Pollack reiterated his opinion that the "injury was completely work related" and that claimant suffered pain in his joint "after his injury which was not present prior to the injury."  Thus, credible evidence supports the commission's finding that the medical documentation established causation.