COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


STEPHEN M. MASSARO
                                          MEMORANDUM OPINION*
v.    Record No. 3062-02-1                    PER CURIAM
                                             MARCH 25, 2003
BLUE CHIP PAINTING AND
 PRINCETON INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (David A. Buzard; Bennett and Zydron, P.C.,
                  on brief), for appellant.

                  (Allen Lotz; Huff, Poole & Mahoney, P.C., on
                  brief), for appellees.


       Stephen M. Massaro contends the Workers' Compensation

Commission erred in finding that he was an independent

contractor rather than an employee of Blue Chip Painting. Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit. Accordingly, we summarily affirm

the commission's decision. Rule 5A:27.

       On appeal, we view the evidence in the light most favorable

to the prevailing party below. R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In

denying Massaro's application, the deputy commissioner found as

follows:

       _____

       * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

From all the evidence, we conclude that [Massaro] has not borne his burden to prove that he was an employee. The evidence is almost in [equipoise] on this point, with certain facts tending to show an employer/employee relationship and other facts tending to indicate a contractor/independent contractor relationship. We find that [Massaro] was to be paid "by the job", not by the day. We also find that [Massaro] held himself out to [Joseph] Knehr[, the owner of Blue Chip,] as the proprietor of S.M.S.A. Painting Contractors. While Knehr retained the right to dictate the result to be achieved, it is not clear to us that he retained the right to control the means and methods of the work, despite Knehr having instructed [Massaro] to prime bare wood before applying paint. We think that the parties intended their relationship to be one of contractor/subcontractor rather than employer/employee.

Affirming the deputy commissioner's decision, the commission found as follows:

[W]e find that [Massaro] has described an employment relationship. [He] testified that . . . Knehr exerted a significant degree of control over him by dictating the hours he was to work and the materials he was to use. [Massaro] also denied that he was allowed to hire an assistant to help him with the job. All of these factors, if true, support the existence of an employee/employer relationship.

However, . . . Knehr's description of his relationship with [Massaro] differs greatly from that described by [Massaro]. . . . Knehr testified that he contracted with [Massaro] to complete one particular project for a set price, regardless of how long it took [Massaro] to paint the house. He also testified that he had never worked with [Massaro] before this particular job. In addition, . . . Knehr denied that he

- 2 -

> "controlled" [Massaro's] day-to-day
> activities by dictating the hours to be
> worked by [Massaro], by requiring [Massaro]
> to use his equipment, or by prohibiting
> [Massaro] from using an assistant. We find
> that the combination of these factors, if
> true, support the conclusion that [Massaro]
> was an independent contractor of Blue Chip
> Painting rather than an employee.
>
> The deputy commissioner implicitly
> found . . . Knehr's testimony to be more
> credible than that of [Massaro], and we
> accept his conclusion in this regard.

Massaro contends the commission erred, as a matter of law, by ruling that the deputy commissioner "implicitly found" Knehr's testimony to be more credible than Massaro's testimony. He argues the deputy commissioner made no explicit findings concerning the credibility of the witnesses. We disagree.

The commission found that Massaro's testimony, if accepted, supported his contention that he was an employee. On the other hand, Knehr's testimony, if accepted, supported his contention that Massaro was an independent contractor. Although the deputy commissioner found the evidence was "almost" in equipoise, he ruled in favor of Blue Chip. The only witnesses who testified at the hearing were Massaro and Knehr. In other words, the deputy commissioner found, upon his review of the disputed evidence, that he believed Knehr's testimony. Thus, credible evidence supports the commission's conclusion that the deputy commissioner implicitly found Knehr's testimony to be more credible than Massaro's testimony.

- 3 -

Moreover, the commission weighed the evidence, which presented substantial conflicts, and found in favor of Blue Chip. "We are bound by that factual finding." Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 33 (1992). The commission's resolution of the factual discrepancies between the testimony of Massaro and Knehr is not reviewable by this Court. "Matters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the commission and are conclusive and binding on the Court of Appeals." Kim v. Sportswear, 10 Va. App. 460, 465, 393 S.E.2d 418, 421 (1990) (citation omitted). Based upon the commission's factual determination upon conflicting evidence, we cannot find as a matter of law that Massaro's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.