## County of Chesterfield

## v.

## Calvin L. Johnson

Record No. 871113

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Jeffrey L. Mincks, Senior Assistant County Attorney (Steven L. Micas, County Attorney; Gary K. Oldehoff, Assistant County Attorney*, on briefs), for appellant.

*Malcolm Parks, III (Maloney, Yeatts & Barr, P.C.*, on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

This is an appeal from the Court of Appeals in a worker's compensation case in which the sole issue was whether the injured worker's injuries arose out of his employment, within the meaning of the Worker's Compensation Act (the Act). The Industrial Commission (the Commission) held that the injuries complained of did not arise out of the employment. The Court of Appeals reversed. We granted the appeal because we deem it to be of significant precedential value to determine whether the decision by the Court of Appeals impermissibly blends together the separate and distinct concepts of arising "out of" and arising "in the course

of" employment as those terms are used in the Act. *See* Code § 17-116.07B.

The facts found by the Commission served as the basis of the Court of Appeals' decision. Those facts are as follows: Calvin L. Johnson, who was employed as a water filter operator in a Chesterfield County water treatment plant, accidentally injured his knee while at work on October 4, 1985. Johnson had descended steps to the basement of the plant to turn off certain pumps. As he started to leave the basement, he remembered — just as he got to the first step on the stairs — that he needed to check a certain meter to insure that it was functioning properly. He turned around on the first step to go back to the equipment. As he turned, his knee gave way and he fell to the floor.

Johnson did not slip, trip, stumble, or take an awkward step when his knee gave way. His knee gave way before he fell. When he fell, there was no evidence that he struck his knee. The steps were not defective. They were well-lighted. Johnson was wearing safety shoes which, according to him, hurt his feet but he gave "no explanation as to how this caused his knee to give way."

The Commission concluded further that Johnson "sustained the injury before there was any fall." The Commission also stated that "in the case now before us we do not find any [risks inherent in the employment environment] that have contributed to the employee's knee giving way prior to the fall."

The Court of Appeals reversed the Commission decision on the ground that the Commission had misapplied the law. *Johnson* v. *Chesterfield County*, 5 Va. App. 15, 359 S.E.2d 833 (1987). After reviewing the pertinent cases, the Court of Appeals stated that "where in the furtherance of his employment the employee is exposed to a hazard which causes him injury, his injury is a cost of doing that business and is, therefore, compensable." *Id.* at 20, 359 S.E.2d at 836. The Court of Appeals also stated that "[a]n injury arises out of the employment even if the employment does not enhance or increase the degree of the specific risk to which the employee is exposed. An injury is compensable so long as the risk causing the injury is produced by the employment." *Id.*

According to the Court of Appeals, the Commission made a mistake of law when the Commission said "that there were no 'risks in traversing the steps . . . inherent in the employment environment' " because that statement suggests "a need to prove that the employment created a greater degree of risk in 'traversing the

steps.' " *Id.* The Court of Appeals stated further that the "employee was only required to show that his employment required him to use the steps as he did and that this, not some unknown cause, caused the injury to his knee." *Id.*

The Court of Appeals stated that "[t]here is no question that the employee was on the mission of his employer when he found it necessary to turn around on the stairway which he was ascending. The attending physician reported that the employee's knee injury resulted from a twist type injury to his right knee at work. This was unrebutted evidence of a causal connection between the employee's work and the injury." *Id.* at 20-21, 359 S.E.2d at 836.

In order for an injured worker to recover under the Act, he must prove an injury by accident "arising out of *and* in the course of the employment." Code § 65.1-7 (emphasis added). The phrases arising "out of" and arising "in the course of" are separate and distinct. We have long held that they mean different things and that proof of both is essential to recovery under the Act. *See Bradshaw* v. *Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). The phrase arising "in the course of" refers to the time, place, and circumstances under which the accident occurred. The phrase arising "out of" refers to the origin or cause of the injury.

We have considered, in several recent cases, the specific question whether an injury arises out of the employment. In *United Parcel Service* v. *Fetterman*, 230 Va. 257, 336 S.E.2d 892 (1985), a driver for U.P.S. was in the act of unloading packages when he noticed that one of his shoelaces was untied. He raised his foot to the back of the truck and bent to tie his shoe. He felt an acute pain in his back. The Commission found the claim compensable on the ground that the work environment had something to do with the way in which the claimant went about tying his shoe and that having his shoes tied was necessary for him to continue his work. We reversed and dismissed.

In *Fetterman*, we said that "[a]n accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." *Id.* at 258, 336 S.E.2d at 893. We said further that the arising out of test excludes "an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the

business, and not independent of the master-servant relationship." *Id.* at 258-59, 336 S.E.2d at 893. We rejected Fetterman's claim because in our opinion, "the act of bending over to tie the shoe was unrelated to any hazard common to the workplace. In other words, nothing in the work environment contributed to the injury. Every person who wears laced shoes must occasionally perform the act of retying the laces." *Id.* at 259, 336 S.E.2d at 893.

The sole issue in *Central State Hospital v. Wiggers*, 230 Va. 157, 335 S.E.2d 257 (1985), was whether the injury complained of arose out of the employment. There, a clerk at Central State Hospital arose from her desk and walked ten steps to an adjoining office to answer the phone. Just as she reached for the phone, her right ankle twisted. We pointed out that the claimant did not contend that she slipped, tripped, stumbled or fell, but only that she twisted her ankle while walking normally. The Commission made an award on the basis that the claimant twisted her ankle while walking on a floor made slippery by some unknown substance. We said there was no evidence of any substance on the floor. We reversed the Commission and entered final judgment for the employer on the ground that the claimant had failed to establish a causal connection between her work environment and her injury. *Id.* at 159-60, 335 S.E.2d at 257.

In *Richmond Mem. Hosp. v. Crane*, 222 Va. 283, 278 S.E.2d 877 (1981), a nurse stood up from a chair and began to walk straight ahead. She took her first step with her left foot. When she stepped with her right foot, she felt something snap in the lower back portion of her right leg. The employer conceded that the injury occurred in the course of employment; it argued, however, that the injury was not shown to have arisen out of the employment. The Commission found in favor of the injured employee. On appeal, we reversed and entered final judgment for the employer. We pointed out that the claimant neither slipped, tripped, stumbled, or fell. Her injury occurred while she was walking along a level, clean, unobstructed, well-lit corridor. On those facts, we concluded that nothing in her work environment contributed to her injury. *Id.* at 286, 278 S.E.2d at 879.

Johnson's case does not differ from *Fetterman, Wiggers,* and *Crane*. It suffers from the same essential failing. Johnson nowhere shows that his work environment contributed to his injury.

Here, Johnson failed to establish any connection between the steps and his injury. The injury could just as well have oc-

curred upon a turn on the floor. In oral argument, Johnson's counsel was asked whether the injury would have been compensable had Johnson made his turn on the floor instead of upon a step. He said, "yes." In our opinion, this response points out a fundamental misunderstanding of the "arising out of" factor in workers' compensation cases in the Commonwealth. In Virginia, we apply the "actual risk" test to determine whether workplace injuries are compensable. *See Olsten* v. *Leftwich*, 230 Va. 317, 336 S.E.2d 893 (1985). We do not apply the positional risk test used in other jurisdictions where simply being injured at work is sufficient to establish compensability. *See City of Richmond* v. *Braxton*, 230 Va. 161, 355 S.E.2d 259 (1985). By Johnson's approach, the conditions of the work place are irrelevant to recovery; recovery is appropriate merely because the employee is there, on the job. This is not the law.

The Court of Appeals found that the injury arose out of the employment for two reasons: first, because Johnson was on a mission of his employer when he found it necessary to turn around; second, because the twist-type injury was sustained at work. Being on the employer's mission has nothing to do with the conditions of the workplace. It has to do with being in the course of employment. In *Fetterman*, the injured employee was actually in the process of moving packages when he paused to tie his shoelaces. With his shoelaces untied, Fetterman could not have properly made his deliveries. He was plainly on his employer's mission. Nevertheless, untied shoelaces simply had nothing whatever to do with the conditions under which he was required to work.

The fact that the injury occurred at work adds nothing and answers nothing, when the inquiry is, did the injury arise out of the employment. It simply helps prove the "in the course of" prong of the compensability test. But, here, that issue was never in dispute.

Johnson relies upon *Reserve Life Ins. Co.* v. *Hosey*, 208 Va. 568, 159 S.E.2d 633 (1968), a case cited by the Court of Appeals. However, *Hosey* is distinguishable from the instant case. There, the claimant was making a door-to-door survey for her insurance company. She was walking up the steps to one of the houses she was assigned to visit. The steps were made from rocks and the vertical distance between each step was slightly higher than usual. As she negotiated the top step, her knee snapped. We upheld an award of compensation. The issue on appeal was whether there was credible evidence to support the Commission's finding that

Hosey was disabled by a knee injury, by accident arising out of and in the course of employment. We held that the evidence was sufficient. *Id.* at 572, 159 S.E.2d at 636.

In *Hosey*, unlike here, something was unusual about the steps on which the injury occurred. They were slightly higher than normal. Moreover, Hosey sustained an injury while she was in the act of climbing to the top step in that slightly unusual series of steps. Those facts were crucial to the decision in *Hosey*. *See Crane*, 222 Va. at 286, 278 S.E.2d at 879. Here, there was nothing unusual about or wrong with the steps at Johnson's workplace. Further, Johnson was not injured by climbing or descending the stairs; the stairs had nothing to do with his injury. He was injured by the mere act of turning.

In its opinion in the instant case, the Court of Appeals stated that *Hosey* supported its conclusion of compensability because the unusual nature of the steps on which Hosey was injured was not vital to the decision. In making this statement, the Court of Appeals cited its own decision in *Hercules, Inc.* v. *Stump*, 2 Va. App. 77, 341 S.E.2d 394 (1986). The Court of Appeals is mistaken. *Hosey* involved an accident due in part to the unusual height of the steps. That fact formed the critical link between the conditions of the workplace and the injury. No such link exists in the instant case.

We hold, therefore, that the Court of Appeals erred in failing to maintain the distinction between arising "out of" and arising "in the course of" employment. Therefore, we will reverse the judgment complained of and enter final judgment for the employer.

*Reversed and final judgment.*