COURT OF APPEALS OF VIRGINIA


Present: Judges Koontz, Bray and Senior Judge Hodges


RUTH ANN JONES (WIFE),
 SUSAN D. JONES (DAUGHTER), AND
 ESTATE OF JOHNNIE L. JONES (DECEASED)

v.  Record No. 0005-95-2          MEMORANDUM OPINION[*]
                                     PER CURIAM
LOUISE OBICI MEMORIAL HOSPITAL       MAY 16, 1995


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Annette Miller; Parker, Pollard & Brown, on brief),
             for appellants.

             (George J. Dancigers; Colleen T. Dickerson; Heilig,
             McKenry, Fraim & Lollar, on brief), for appellee.


     Ruth Ann Jones, wife, Susan D. Jones, daughter, and the

Estate of Johnnie L. Jones (deceased) (hereinafter collectively

referred to as "appellants") contend that the Workers'

Compensation Commission erred in finding that the evidence did

not prove that Johnnie Jones' April 27, 1992 heart attack arose

out of his employment with Louise Obici Memorial Hospital.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  A

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

finding of the commission that an injury did or did not arise out of the employment is a mixed finding of law and fact and is properly reviewable on appeal. City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985).

In order to recover, a claimant must show that he suffered an injury by accident "arising out of and in the course of his employment." Code § 65.2-101. "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). Unless we can say as a matter of law that the appellants' evidence sustained their burden of showing that Jones' heart attack arose out of his employment on April 27, 1992, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that the evidence did not prove that Jones' heart attack arose out of his employment, the commission found as follows:

> After careful review of the record the Full Commission on review finds that the evidence fails to establish that the claimant's fatal heart condition arose out of his employment. There is no evidence that the decedent was engaged in any unusual or strenuous work task prior to being stricken. For approximately 15 to 20 minutes the claimant waited for the steam pressure to decrease. In addition the medical evidence fails to establish any causal connection between the claimant's employment and his death. The reports indicate only severe atherosclerosis.

2

Based upon the lack of any medical evidence causally relating Jones' work activity on April 27, 1992 to his heart attack, coupled with the medical evidence indicating that Jones suffered from severe atherosclerosis, we cannot say as a matter of law that the appellants' evidence sustained their burden of proving that Jones' heart attack arose out of his employment. Moreover, the testimony of Jones' co-worker, Verlin E. Bright, supports the commission's finding that there was no evidence that Jones engaged in any unusual or strenuous work prior to his heart attack.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>