COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

MARIA E. RUSSO

v.   Record No. 2400-94-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
CAPITAL GARDENS, INC. T/A                        MAY 30, 1995
 DENNIS' SPAGHETTI AND STEAK HOUSE
AND
AETNA CASUALTY AND SURETY COMPANY

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John H. Klein; Rutter & Montagna, on brief),
            for appellant.

            (Robert W. McFarland; Mark S. Davis; Kevin E. Mooney;
            McGuire, Woods, Battle & Boothe, on brief), for appellees.


       The sole issue on this appeal is whether the Workers'

Compensation Commission erred in finding that Maria E. Russo

failed to prove that she sustained an injury by accident arising

out of her employment.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

       On appellate review, we construe the evidence in the light

most favorable to the party prevailing below.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  To recover benefits, Russo must establish that she

suffered an injury by accident "arising out of and in the course

--------------------------------------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of [her] employment." Code § 65.2-101. "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

The evidence proved that Russo was employed as a waitress in employer's restaurant. While she was working, she bent down to pick up a napkin off of the floor and felt pain in her knee. At the hearing, Russo demonstrated that she bent over, with her left foot slightly off of the ground behind her, and she reached for the napkin with her left hand. Russo sustained a left knee injury as a result of this incident.

In denying Russo's application on the basis that her injury did not arise out of her employment, the commission made the following findings:

> We agree with the Deputy Commissioner's determination . . . [that] a "critical link" must exist between the conditions and the injury in order for the injury to arise out of the employment. No such link has been proven. The claimant was performing a simple bending motion when her knee gave out. Excluded from coverage under the Act are workplace injuries that come from hazards to which the worker would have been equally exposed apart from the employment.

The commission's decision is supported by County of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989), and Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). Therefore, we affirm the commission's decision.

Affirmed.