COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

BROOKE DALE MOYER

v.   Record No. 2620-96-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
WHITT CARPET & TILE AND                      FEBRUARY 25, 1997
 GRANITE STATE INSURANCE COMPANY

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ronald D. Henderson; Pendleton, Garrett &
            Henderson, P.C., on brief), for appellant.

            (Matthew W. Broughton; Monica L. Taylor;
            Gentry, Locke, Rakes & Moore, on brief), for
            appellees.


     Brooke Dale Moyer contends that the Workers' Compensation

Commission erred in finding that he failed to prove that he

sustained an injury by accident arising out of his employment on

June 24, 1995.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     To recover benefits, Moyer must establish that he suffered

an "injury by accident arising out of and in the course of [his]

employment," Code § 65.2-101, and "that the conditions of the

workplace or some significant work related exertion caused the

injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482,

484, 382 S.E.2d 305, 306 (1989).  "The phrase arising 'out of'

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that Moyer proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In a telephone message left by Moyer with his employer several days after the accident, he stated that:

> [T]his was something that was already in the making of happening and it just so happened it happened when we were unloading that truck. But the, ah, bottom line is I was splitting wood all the way up to the day before that and never felt a pain so that particular day all I did was bent [sic] or turned the wrong way and it caused me to throw my back out.

In denying Moyer's application, the commission found as follows:

> We conclude from this record that [Moyer] did have a [sic] injury at work on June 24, 1995, as alleged. However, the evidence does not preponderate to show that [Moyer] was injured while actually attempting to lift one of the heavy boxes. It is at least equally probable that [Moyer] suffered his injury as he merely bent to perform the task, perhaps because his back was stressed

and weakened by the cumulative activities that day and those preceding, as he suggests in his telephone message. As the Deputy Commissioner noted, an injury suffered while performing the simple and common acts of walking, bending, or turning, without any other contributing environmental factors, does not arise out of a risk or hazard of the employment.

Where as here, [Moyer] has proved only that his injury resulted from one of two causes, one of which is compensable and one of which is not, he has not satisfied his burden to prove that his injury more probably that not arises out of his employment.

In its role as fact finder, the commission was entitled to give little weight to Moyer's hearing testimony in light of its inconsistency with the telephone message. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon this record, the commission could conclude that it was just as probable that Moyer's injury resulted from activities the preceding day and merely bending over. Therefore, we hold that Moyer failed to prove as a matter of law that his injury arose out of his employment.

For the reasons stated, we affirm the commission's decision.

Affirmed.