COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JOSEPH A. COLOSIMO, JR.

v.        Record No. 2669-96-3        MEMORANDUM OPINION*
                                          PER CURIAM
VIRGINIA TRUCK CENTER, INC.            MARCH 18, 1997
AND
GLOBE INDEMNITY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert M. McAdam; David W. Hearn; Wooten &
            Hart, P.C., on brief), for appellant.

            (Richard D. Lucas; Carter, Brown & Osborne,
            P.C., on brief), for appellees.


        Joseph A. Colosimo, Jr. (claimant) contends that the

Workers' Compensation Commission (commission) erred in finding

that he failed to prove that he sustained an injury by accident

arising out of his employment on November 28, 1995.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To

recover benefits, claimant must establish that he suffered an

"injury by accident arising out of and in the course of the

employment," Code § 65.2-101, and "that the conditions of the

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that claimant proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> Injuries resulting from simple acts of bending or turning, absent a contributing factor from the workplace, are not compensable. In this case, the claimant merely bent over to pick up a virtually weightless object. He was not in a confined space or awkward position. We therefore find that the injury did not occur out of the employment.

The evidence established that claimant did not engage in any significant exertion, that his action of bending to retrieve a book from a filing cabinet drawer did not involve any awkward position, and that no condition or hazard peculiar to his workplace caused his injury. Therefore, we hold that claimant failed to prove as a matter of law that his injury arose out of

2

his employment.

For the reasons stated, we affirm the commission's decision.

Affirmed.