COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RICHARD W. BRIDGES

                                        MEMORANDUM OPINION[*]
v.    Record No. 0887-98-4                PER CURIAM
                                         AUGUST 18, 1998
PROGRESSIVE PRINTING
AND
FEDERATED MUTUAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (James D. Alvey; Alvey & Alvey, on briefs),
                for appellant.  Appellant submitting on
                brief.

                (Robert M. McAdam; David W. Hearn; Wooten &
                Hart, on brief), for appellees.  Appellees
                submitting on brief.


        Richard W. Bridges appeals from a decision of the Workers'

Compensation Commission holding that he failed to prove that he

was injured in an accident arising out of his employment.

Finding no error, we affirm.

        On January 22, 1997, Bridges was employed by Progressive

Printing ("employer") as a truck driver.  His job duties required

that he deliver boxes of printing materials and pick up supplies

at various locations.  On that date, Bridges went to H&H Bindery

to make a pick-up.  As he descended the stairs in H&H Bindery's

building, he fell and injured his back.

        Bridges testified that, as he ascended the second set of

stairs, which were wooden, one of the customer's employees,

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Elaine Watson, informed him that the person Bridges intended to visit was not upstairs. As Bridges turned to descend the stairs, he fell. He attempted to break his fall by grabbing a banister, causing him to fall backwards and hit his back against the corner of a block wall in the stairwell.

> Bridges described the stairs and his fall as follows:
> As you walk in the door, there is four or five concrete steps, a small landing. There is the wooden steps that go upstairs to the offices. I had started up the wooden steps. I had taken approximately two or three steps up when, again I was yelled at, that Mitch was not up there. And I turned to come back down and that's when I fell. I tried to catch myself and, and was not able to and fell backwards into the wall.

Bridges measured the stairs approximately six to eight weeks after the accident. He estimated that the concrete steps measured ten inches in depth and seven inches in height and that the wooden steps measured ten inches in depth and eight and one-half inches in height. At the time of the fall, Bridges was not carrying anything and the lighting in the stairwell was adequate.

In his February 19, 1997 recorded statement to employer's insurance adjuster, Bridges admitted that he did not know the cause of his fall. Bridges stated, "I . . . turned around to come back down and when I did I apparently missed a step I don't know what happened I really don't I don't know how I fell but I was coming down because I stepped back down." Bridges further stated, "[W]hen I stepped back with my left foot apparently I

- 2 -

only got a part of the step or landing whatever it was with the front part of my foot and that's when I fell."  In his recorded statement, Bridges denied slipping, tripping, or twisting, but admitted that he stumbled.

The commission, in affirming the deputy commissioner, found that Bridges failed to prove that "some work place factor beyond the steps or stairs contributed to his accident."  The commission further found that the evidence showed that "the stairs were neither unusual [n]or defective and that the lighting in the stairwell did not contribute to [Bridges'] fall."[1]

"Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  But, unless we conclude that Bridges proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"The claimant had the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that [he] suffered an injury by accident which arose out of . . . the employment."  Central State Hosp. v. Wiggers,

---

[1]The commission also found that Bridges did not prove that his fall occurred as a result of a distraction.  Bridges abandoned this argument on appeal.  Therefore, we will not address it.

230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). "To prove the 'arising out of' element, [in a case involving injuries sustained from falling down stairs at work,] [Bridges] must show that a condition of the workplace either caused or contributed to [his] fall." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)). This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment." R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

Although Bridges was in the course of his employment when his injury occurred, his evidence did not show that any defect in the stairs or any condition peculiar to his employment caused him to fall down the stairs and injure himself. Bridges could not explain why he may have missed a step. Moreover, contrary to Bridges' assertions on appeal, no evidence showed that the size or design of the steps played any role in causing his fall, or created an added risk peculiar to his employment. Because no evidence showed a causal connection between the conditions of Bridges' employment and his fall, we cannot find that he proved, as a matter of law, that his injury arose out of his employment.

For the reasons stated, we affirm the commission's decision.

Affirmed.

- 4 -