COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

THOMAS JEFFREY DETERMAN

v.   Record No. 0438-98-4

WILLARD CHRISTOPHER THOMPSON/ALL STAR MOVERS
 AND HARLEYSVILLE MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 25, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(James F. Green; Ashcraft & Gerel, on brief),
for appellant.

(Elizabeth A. Zwibel; Siciliano, Ellis,
Dyer & Boccarosse, on brief), for appellees.


Thomas J. Determan ("claimant") contends that the Workers' Compensation Commission ("commission") erred in finding that (1) he failed to prove that he sustained an injury by accident arising out of his employment on November 23, 1996; and (2) Willard Christopher Thompson ("employer") was not estopped from denying compensability of the claim under the holding in National Linen Serv. v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987). Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

I.   Injury by Accident/Arising Out Of

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "To

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

prove the 'arising out of' element, [in a case involving injuries sustained from falling at work, claimant] must show that a condition of the workplace either caused or contributed to [his] fall." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  However, unless we conclude that claimant proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

At the May 16, 1997 hearing, claimant testified that on November 23, 1996, he was repairing a truck for employer.  As he stepped from the truck top to a pallet that had been raised up on a forklift, the pallet slipped.  The next thing he remembered was when he awoke while lying on the floor.  None of claimant's co-workers witnessed the incident.  In claimant's March 6, 1997 deposition, he was repeatedly asked to recite the events leading up to his fall.  He testified that he remembered kneeling on top of the truck while repairing the holes, but could not remember anything else until he was placed on an ambulance stretcher. Claimant asserted at the hearing that he remembered the complete

details of the accident after he gave his deposition testimony. The medical records consistently reported that claimant could not remember the fall or the events immediately before it occurred. No medical evidence showed that claimant's memory slowly improved following the fall.

Claimant's co-worker, William B. Logan, who found claimant on the floor after the fall, testified that claimant told him that he did not know what happened, but that he thought he fell. Claimant also told Logan at the hospital that he could not remember anything regarding the fall.

In denying claimant's application, the commission rejected claimant's hearing testimony, finding that claimant was not credible. In so ruling, the commission found as follows:

> Given this late change in the claimant's recollection, unsupported by any concomitant cognitive change reported in the medical record, we do not find his testimony credible regarding the circumstances leading to his fall. It is noted that the Deputy Commissioner did not find his testimony to be credible. On Review, the claimant asserts that his recorded statement given to the carrier on December 12, 1996, is consistent with his Hearing testimony. However, in that interview, he stated only that, "I think . . . I was trying to step, . . . " onto the pallet, and "I guess the pallet moved . . ." (Statement at 2). It is clear from the context and wording of the statement that the claimant was speculating on the cause of his fall, rather than stating a cause. He later indicated in his deposition testimony that he was unsure of the cause of his fall.

It is well settled that the determination of a witness'

credibility is within the fact finder's exclusive purview.  See
Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363
S.E.2d 433, 437 (1987).  In light of the inconsistencies in the
record, the commission had ample reason to disbelieve claimant's
hearing testimony.  Absent claimant's hearing testimony, his fall
was unexplained.  Because claimant failed to present credible
evidence to prove that his employment exposed him to a particular
danger from which he was injured, we cannot find as a matter of
law that claimant's evidence sustained his burden of proof.

## II.  Estoppel

In denying claimant's assertion that employer be estopped
from denying compensability of the claim, the commission found as
follows:

> The fact situation presented here does
> not lead us to conclude that the employer
> asserted defenses in an effort to avoid
> shifting of the burden of proof under
> McGuinn.  The record establishes that the
> defenses raised were viable, given the state
> of the evidence.  We further note that the
> employer promptly notified both the
> Commission and the claimant that it was no
> longer accepting compensability of the claim.
>  The employer denied the claim within three
> months of the accident and within one month
> of the filing of the Claim for Benefits.
> Also, the fact that the employer paid wages
> in this case does not evidence an intent to
> accept the claim.  The record reflects that,
> prior to the accident, the employer paid full
> wages to the claimant during an extended
> period of absence, even though the claimed
> disability was obviously not work-related.
> There is no evidence that the impetus for
> paying full wages after the alleged work
> injury was for any reason other than
> friendship, which prompted the previous
> payments.

-4-

> No Memorandum of Agreement or Agreed Statement of Fact had been submitted by either party, and no award had been entered by the Commission before the employer indicated that it was denying the compensability of the claim.

The commission's findings are amply supported by the record. Nothing in the record indicates that employer denied the claim in an effort to circumvent the holding in <u>McGuinn</u> and shift the burden of proof. Based upon this record, the commission did not err in holding that employer was not estopped from denying compensability of the claim.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.