COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CHECKERED FLAG MOTOR CAR COMPANY
AND
VADA GROUP SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION*
v.    Record No. 1290-99-1              PER CURIAM
                                        OCTOBER 5, 1999
THANNIMALI V. CHETTIAR


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Steven H. Theisen; Midkiff & Hiner, P.C., on
> briefs), for appellants.
>
> (Karen M. Rye; Kenneth J. Coughlan; Law
> Office of Karen M. Rye, on brief), for
> appellee.


Checkered Flag Motor Car Company and its insurer
(hereinafter referred to as "employer") contend that the
Workers' Compensation Commission erred in finding that
Thannimali V. Chettiar proved that (1) he sustained an injury by
accident arising out of his employment on September 7, 1995; and
(2) his medical treatment and disability due to his Charcot foot
was causally related to his September 7, 1995 injury by
accident.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

I.

"To prove the 'arising out of' element, [in a case involving injuries sustained from falling at work, claimant] must show that a condition of the workplace either caused or contributed to [his] fall." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

In ruling that Chettiar proved that the conditions of his employment caused him to trip on the steps, the commission found as follows:

> [T]he testimony establishes that the employer's salespeople take part in an "open game" to reach customers and whoever reaches the customer first gets to attempt the sale. On the day of the accident, [Chettiar] and other salespeople were heading quickly toward a customer. [Chettiar] did not focus his attention on the stairs when he tripped and fell because he was rushing to reach the customer first. The way in which [Chettiar] was discharging his duties as a car salesman in a competitive environment created by the employer "increased his risk of falling on this occasion and directly contributed to cause his fall . . . [His] injury occurred

- 2 -

> because of the performance of his job duties
> in a particular manner."

(Citation omitted.)

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The testimony of Chettiar and his co-worker, Brian Mulligan, constitutes credible evidence to support the commission's factual findings. Based upon these findings, the commission could reasonably infer that Chettiar's employment-related need to rush to reach a customer first in order to have the opportunity to make a sale distracted him from focusing on the stairs, which caused him to fall and resulted in his injuries. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the evidence supported an inference that conditions of the workplace either caused or contributed to Chettiar's injuries.

## II.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Medical evidence is not necessarily conclusive, but is subject to the

- 3 -

commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

In finding that Chettiar proved a causal relationship between his September 7, 1995 injury by accident and his Charcot foot condition, the commission found the medical records and opinions of Dr. William P. Grant, a board certified foot and ankle surgeon, to be persuasive. Dr. Grant testified in his deposition that Chettiar suffers from a Charcot deformity in his left foot, which is a condition where the bony and joint structure is destroyed because neural damage causes the patient to be unaware of injury to the area. Dr. Grant opined that "[t]raumatic injuries . . . seem to be the prodrome that causes the condition to manifest itself." Dr. Grant stated that Charcot joint may develop after a minor slip and fall with only overt signs of swelling. He opined that Chettiar's treatment and disability for his Charcot foot were causally related to his September 7, 1995 fall. The record established that Dr. Grant was well aware of Chettiar's medical history, treatment, and his fall at work. Dr. Grant's medical records and his deposition testimony provide credible evidence to support the commission's finding. Accordingly, we will not disturb that finding on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>