COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Duff
Argued by teleconference


RUSSELL D. CLAY

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2441-98-4        JUDGE CHARLES H. DUFF
                                        OCTOBER 26, 1999
WINCHESTER (CITY OF) SHERIFF'S OFFICE
AND
VIRGINIA MUNICIPAL GROUP SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Nikolas E. Parthemos (Parthemos & Bryant,
            P.C., on brief), for appellant.

            Elisabeth M. Ayyildiz (Donald R. Morin;
            Morin & Barkley, on brief), for appellees.


     Russell D. Clay ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying his claim

for benefits. Claimant contends that the commission erred in

finding that he failed to prove that he sustained an injury by

accident arising out of his employment on October 28, 1997.

Finding no error, we affirm.

     On October 28, 1997, claimant was employed by the City of

Winchester as a deputy sheriff. On that date, his job duties

required that he post papers on the front door of the central

entrance of an apartment building. To complete this task, he

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

ascended a flight of stairs, and taped the papers to the door. The door was located approximately twenty-seven inches from the top of the staircase. As claimant turned to leave, he fell before his foot made contact with the first step.

In his recorded statement given less than 48 hours after his accident, claimant did not recall slipping or tripping and did not know why he fell. After returning to the accident site later and attempting to reconstruct the incident, claimant testified that when he turned on the top landing after posting the papers on the door, his foot was partially off the top step. He then concluded that the leaf blowing activities on the sidewalk below distracted his attention because he did not wish to have debris blown in his eyes. He claimed that he reached for a handrail as he started to fall, but there was no railing at the top of the steps. He was holding a plastic tape dispenser in his left hand and reached with his right hand. Claimant also stated that because of understaffing, he was attempting to serve as many documents as possible. He admitted that he was not in any particular hurry, but stated that he frequently hurries while working.

In a written statement dated February 25, 1998, John Knight, the building inspector for the City of Winchester, reported that on November 3, 1997, he inspected the entrance stairway where claimant fell. Knight concluded that the

staircase was in compliance with the "applicable sections of the 1996 Uniform Statewide Building Code."

"To prove the 'arising out of' element, [in a case involving injuries sustained from falling down stairs at work,] [claimant] must show that a condition of the workplace either caused or contributed to [his] fall."  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). However, unless we conclude that claimant proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Although claimant was in the course of his employment when his injury occurred, his evidence did not show that any defect in the stairs or any condition peculiar to his workplace caused him to fall down the steps and injure himself. Claimant's evidence did not prove that the lack of handrails at the top of the stairs was a defect or anomaly constituting a risk of his employment nor did his evidence prove that the landing at the top of the stairs was defectively narrow.

Moreover, claimant's evidence did not prove that the lack of handrails or the width of the landing caused him to fall.

Contrary to claimant's assertion no evidence proved that his fall was caused by his rush to serve as many documents as possible during the day. Claimant admitted that he was in no particular hurry on the day of his accident and that he had no quota to meet. Moreover, no evidence proved that the alleged distraction of city employees blowing leaves on the sidewalk below constituted a risk of claimant's employment or caused his fall. In holding that this alleged "distraction did not startle the claimant, nor prevent him from viewing the staircase before beginning his descent," the commission found as follows:

> [C]laimant testified that he was aware of the city workers blowing leaves when he ascended the staircase. After taping papers to the door, he turned and looked at the city workers in order to decide whether he could descend the stairs without a danger of having debris blown into his eyes. When asked, "And you decided you could proceed down the steps?" Clay responded, "That's correct."

The commission also found that the distraction was not a risk peculiar to claimant's employment, but rather, was common to the neighborhood. The commission's factual findings are amply supported by the record, and will, therefore, not be disturbed on appeal.[1]

---

[1] Claimant relies on the "street cases" in arguing that he incurred a risk of distraction by city workers and of exposure to different types of stairways because his employment required

Because no evidence showed a causal connection between the conditions of claimant's employment and his fall, we are unable to find that he proved as a matter of law that his injury arose out of his employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

that he travel the public streets.  Claimant did not raise this argument before the commission.  Therefore, we will not address it for the first time on appeal.  <u>See</u> <u>Kendrick v. Nationwide Homes, Inc.</u>, 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987); Rule 5A:18.