COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


FARNAZ FARNIA

                                        MEMORANDUM OPINION*
v.    Record No. 0956-00-4                  PER CURIAM
                                         NOVEMBER 7, 2000
PRIME RECEIVABLES, LLC AND
 FEDERAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Farnaz Farnia, pro se, on brief).

             (William T. Kennard; Mell, Brownell & Baker,
             on brief), for appellees.


     Farnaz Farnia (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove she sustained an injury by accident arising out of her

employment on July 31, 1998, or in the alternative, a

compensable occupational disease involving her left wrist.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

                          Injury by Accident

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

recover benefits, claimant must establish that she suffered an "injury by accident arising out of and in the course of [her] employment," Code § 65.2-101, and "that the conditions of the workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that claimant proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant's job required that she sit at a computer terminal and constantly answer a telephone. In performing her job, she grabbed the telephone receiver with her left hand and typed on the computer with her right hand.

On July 31, 1998, she grabbed her telephone receiver and her wrist twisted backwards. She stated that her telephone had been moved on her desk from its normal location. Claimant admitted that she did not know what caused her wrist to twist

backwards. She described nothing unusual about the telephone handset or cord, and she confirmed that the telephone did not get caught on anything. She did not attribute her injury to the weight of the telephone nor could she determine what caused her injury. After July 31, 1998, the constant use of her left hand to answer the telephone made her symptoms worse.

Claimant admitted that in a conversation with employer's insurance adjuster, claimant denied that her injury was caused by a specific event, but rather contended that it was due to several events.

On November 3, 1998, Dr. Carlos Gonzales examined claimant. Dr. Gonzales recorded a history of claimant experiencing left wrist pain while grabbing a telephone at work three months earlier. Dr. Gonzales also noted that claimant developed complaints of left neck, arm, and upper back pain after she helped to lift items when employer moved its business.

Dr. Stephen Pournaras, a hand specialist, examined claimant on November 11, 1998. Dr. Pournaras noted that claimant first began having left hand symptoms in July 1998 while at work "when she was answering a lot more telephone calls." Claimant told Dr. Pournaras that her wrist was being hyperextended on a regular basis and that she developed left neck pain after she started holding her telephone with her neck between her left shoulder and her chin. Dr. Pournaras diagnosed degenerative

arthritis of the cervical spine and tendinitis of the left wrist. Dr. Pournaras indicated that he was uncertain as to whether claimant's problems were related to her work.

On November 18, 1998, Dr. Lisa White-Hudgens examined claimant. Dr. White-Hudgens noted that claimant suffered from constant moderate left-sided neck and upper back pain and intermittent left-sided wrist and arm pain. Dr. White-Hudgens recorded a history of wrist pain beginning in July 1998 after claimant answered telephones at work for an extended period of time. Claimant told Dr. White-Hudgens that she exacerbated her symptoms when she helped move items at work in September, October, and November, 1998. Dr. White-Hudgens diagnosed cervical and thoracic myofascial pain syndrome secondary to cumulative trauma disorder most likely secondary to occupational duties of answering telephones.

On January 25, 1999, Dr. White-Hudgens provided a revised medical report upon claimant's request. In that report, Dr. White-Hudgens indicated that claimant had brought to her attention that an inaccuracy existed in Dr. White-Hudgens's initial evaluation report. Claimant told Dr. White-Hudgens that "she actually twisted her wrist on July 31, 1998 while answering high volume telephones and then developed wrist pain with radiation into the arm." As a result, Dr. White-Hudgens changed her diagnosis to "cervical and thoracic segmental dysfunction

- 4 -

and related myofascial pain syndrome secondary to trauma secondary to occupational injury."

In ruling that claimant failed to prove that she sustained an injury by accident arising out of her employment on July 31, 1998, the commission found as follows:

> Although [claimant] contends that her telephone had been moved to a different location on her desk, the evidence fails to show that [claimant's] injury was caused by significant exertion, or that her movements were awkward or strenuous. The claimant denied that the weight of the telephone receiver caused her injury. In fact, the claimant candidly acknowledged that she could not determine what caused her wrist injury. The simple act of answering the telephone under these circumstances does not constitute an actual risk of the employment
> . . . .

The evidence established that claimant did not engage in any significant exertion, that her simple act of picking up the telephone receiver did not involve any significant exertion or awkward position, and that no condition or hazard peculiar to her workplace caused her injury, aside from the usual act of answering the telephone. Therefore, we hold that claimant failed to prove as a matter of law that her wrist injury arose out of her employment.

### Occupational Disease

Dr. White-Hudgens initially opined that claimant's condition was caused by cumulative trauma, which is not compensable under the Act as an occupational disease. <u>See</u>

- 5 -

*Stenrich Group v. Jemmott*, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996). Dr. White-Hudgens later changed her opinion as a result of a telephone conversation with claimant to reflect that claimant's condition was caused by traumatic injury. However, for the reasons stated above, claimant failed to prove that she sustained an injury by accident arising out of her employment. Furthermore, Dr. Pournaras, who diagnosed claimant as suffering from degenerative arthritis and tendinitis, was not able to causally relate these conditions to claimant's work. For an occupational disease to be compensable under the Act, claimant must prove "[a] direct causal connection between the conditions under which work is performed and the occupational disease." Code § 65.2-400(B)(1). Accordingly, the commission did not err in finding that claimant failed to prove a compensable occupational disease.

For these reasons, we affirm the commission's decision.

Affirmed.