COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


DOUGLAS DELTON TURNER (DECEASED),
 BY CONNIE TURNER (WIDOW)

                                        MEMORANDUM OPINION*
v.    Record No. 0676-02-3                  PER CURIAM
                                          OCTOBER 8, 2002
COMMONWEALTH BOLT, INC. AND
 ASSOCIATED INDEMNITY CORPORATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Connie Turner, pro se, on brief).

             No brief for appellees.


     Douglas Delton Turner (deceased), employee, and Connie

Turner (widow), claimant, contend the Workers' Compensation

Commission erred in finding that claimant failed to prove that

the deceased employee sustained an injury by accident arising

out of his employment on February 20, 2001 and that his

subsequent death on February 26, 2001 was caused by his

employment.  Upon reviewing the record, opening brief, and

employer's motion to dismiss, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.[1]

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Because we summarily affirm the commission's decision, we
will deny the motion to dismiss.

In reaching its conclusion that claimant failed to establish that the deceased employee sustained an injury by accident arising out of his employment, the commission made the following findings:

> [W]e note that all of the relevant testimony and medical evidence establishes that Mr. Turner's neck popping incident on February 20, 2001, resulted from his simple bending over to pick up a shop light. There is no evidence that he was in a bent or crouched position when he reached for the light, or that his work even required that he assume such a position.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988). "The phrase . . . arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

Virginia uses the actual risk test to determine whether an injury arises out of employment. Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000). "The mere

- 2 -

happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Id. Thus, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" Johnson, 237 Va. at 183-84, 376 S.E.2d at 75 (citation omitted).

The commission's decision regarding this question involves a mixed question of fact and law. Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

Generally, simple acts of walking, bending, or turning, without other contributing environmental factors, are not risks of employment. Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).

Claimant's statements to his co-worker and his wife before his death, as well as the medical histories, provide ample support for the commission's factual findings. The evidence established that something "popped" in the deceased employee's neck when he simply bent over to pick up a shop light. No

- 3 -

evidence showed that he was required to assume an "awkward position" while bending or that he engaged in any "unusual exertion" or repetitive motion. The deceased employee had not been working in a bent or awkward position for any specific period of time. The deceased employee's act of bending was neither unusual, awkward, nor strenuous, but was a risk to which the general public is exposed.

Accordingly, we affirm the commission's finding that claimant failed to prove that the deceased employee sustained an injury by accident arising out of his employment. Because we affirm that finding, we need not address the causation issue.

Affirmed.