COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


BRENDA D. COATES

                                                    MEMORANDUM OPINION*
v.      Record No. 1896-03-4                        PER CURIAM
                                                    NOVEMBER 12, 2003
THE GAP, INC. AND
 INSURANCE CO. OF THE STATE OF PENNSYLVANIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lawrence J. Pascal; Ashcraft & Gerel, LLP, on brief), for appellant.

            (Clinton R. Shaw, Jr.; Jordan Coyne & Savits, L.L.P., on brief), for
            appellees.


        Brenda D. Coates (claimant) contends the Workers' Compensation Commission erred in

finding that she failed to prove she sustained an injury by accident arising out of her employment

on June 2, 2001.  Upon reviewing the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

        Claimant, who worked as an associate manager at employer's Fair Oaks Mall store, had

suffered from back and right knee problems before June 2, 2001.  She had torn the meniscus in

her right knee, requiring surgery in November 2000 and February 2001.  After she started

working for employer, she frequently complained of pain in her right knee.  She testified that

before working for employer, she had no problems with her left knee.  However, she admitted on

cross-examination that while working for employer, she had "aches and pains" in her left knee,

but these were not similar to the pain in her right knee.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Claimant testified that on June 2, 2001, while she was unlocking the cash register, an associate asked her for journal tape. The journal tape was kept in a locked drawer below the register. Claimant took her key, bent down at the waist and squatted to unlock the drawer. While doing so, she placed most of her weight on her left leg and kept her right knee straight because she did not want to re-injure it. As she reached towards the back of the drawer to retrieve the journal tape, she heard a pop in her left knee.

Claimant testified that she reported the incident to her coworkers and to Susan Massie, the store manager. Claimant contends she left work early at Massie's suggestion. Claimant sought medical care several days later from Dr. Richard L. Gaertner, who had previously treated her right knee problems.

In claimant's July 27, 2001 recorded statement to the insurance adjuster, claimant stated that her accident occurred when she was trying to get the journal tape from a drawer close to the floor. She told the adjuster that she did not know how she bent down.

Massie, who had worked for employer as a store manager since January 2001, testified that claimant complained about pain in her "knees" on a regular basis. Massie saw claimant bend and stoop in a careful manner due to her knee problems. On June 2, 2001, claimant reported the incident to Massie, who did not complete an accident report at the time because claimant had an "ongoing issue with her knees," and the complaint was similar to prior complaints made by claimant.

Cheryl Lawson, a sales associate, confirmed that claimant complained of pain in her knee before June 2, 2001. Lawson could not remember which knee; however, she stated that after claimant's February 2001 knee surgery, she started complaining that the pain in the other knee was getting worse.

Dr. Gaertner's medical records indicate that claimant first complained to him of left knee pain on January 23, 2001, when he reported a history of claimant's continuing right knee problems and "increasing pain and discomfort in her left knee." Dr. Gaertner next examined claimant on June 6, 2001. He reported at that time that "[t]he other day she twisted her left knee and felt a pop in it." He ordered an MRI, which showed a tear of the posterior horn of the medical meniscus of the left knee. On August 1, 2001, he performed arthroscopic surgery on claimant's left knee. On February 5, 2002 and December 5, 2002, in response to questions posed by claimant's counsel, Dr. Gaertner causally related the need for surgery to the June 2001 incident.

Based upon this record, the commission found as follows:

> Regardless of whether the claimant suffers from a pre-existing condition, she must prove that "a condition of the workplace either caused or contributed to her" accident. . . .

> We have considered the record, including the testimony and the photograph of the work area. The evidence shows that the claimant's left knee popped while she was bending down to retrieve journal tape from a drawer close to the floor. We find nothing unusual or awkward about the workplace configuration. A drawer located close to the floor is common to the neighborhood and does not constitute a work-related risk.

> The evidence further shows that the claimant was bending or squatting in a particular manner, holding her right leg straight due to pre-existing right knee problems. However, we find that squatting in this manner to accommodate the non-work-related right knee injury was not necessitated by any hazard or condition peculiar to the claimant's employment.

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988). "The phrase . . . arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

Virginia uses the actual risk test to determine whether an injury arises out of employment. Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000). "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Id. Thus, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" Johnson, 237 Va. at 183-84, 376 S.E.2d at 75 (citation omitted).

The commission's decision regarding this question involves a mixed question of fact and law. Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

Generally, simple acts of walking, bending, or turning, without other contributing environmental factors, are not risks of employment. Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).

Claimant's testimony, her recorded statement, and the photographs of the work area, as well as the medical histories, provide ample support for the commission's factual findings. The evidence established that claimant heard a pop in her left knee when she simply bent down and squatted to open a locked drawer that was close to the floor. No evidence showed that she was required to assume an "awkward position" while bending due to a condition of her workplace or that she engaged in any "unusual exertion." In addition, unlike many of the cases relied upon by claimant, in this case, no evidence showed that claimant was required to work in a bent or awkward position for any specific period of time as a condition of her employment. Claimant's

- 4 -

act of bending and squatting to open the drawer that was close to the floor was neither unusual, awkward, nor strenuous, but was a risk to which the general public is exposed. Claimant's choice to hold her right leg in a certain manner when she bent down was caused by her need to accommodate her pre-existing non-work-related right knee condition, not by any condition or hazard associated with her workplace.

Accordingly, we affirm the commission's finding that claimant failed to prove that she sustained an injury by accident arising out of her employment on June 2, 2001.

<u>Affirmed.</u>